*Robert L. Colding,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.

---

### 9467.  PINKNEY v. THE STATE.

The indictment was not subject to be abated on the ground that the solici-
tor-general was disqualified by interest in the case, it appearing that,
after signing as solicitor-general, he signed the indictment as prose-
cutor.

> DECIDED APRIL 2, 1918.

Indictment for unlawful sale of liquor; from Bryan superior court—Judge Sheppard. December 1, 1917.

*J. Hartridge Smith,* for plaintiff in error.

W. F. *Slater, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case was based upon the act of the legislature of Georgia approved November 17, 1915 (Ga. L. Ex. Sess. 1915, p. 77), and charged the accused with selling a quantity of alcoholic, spirituous, and malt liquors. It was signed: "W. F. Slater, Solicitor-General. W. F. Slater, Prosecutor." A special plea in abatement was as follows: "That it appears from said indictment, that W. F. Slater the solicitor-general of said court is the solicitor-general who drew and signed said indictment as found against defendant by the grand jury of Bryan county on the 8th day of May, 1917, and who consulted and advised the grand jury in finding the same, and that said W. F. Slater, solicitor-general, is also the prosecutor whose name is signed as such prosecutor to said indictment as W. F. Slater individually, and said solicitor-general, having a pecuniary interest in the outcome of said prosecution and being the prosecutor in said case, was and is disqualified as solicitor-general in said case, by reason of his interest in said case; wherefore said indictment should abate and be quashed." This plea was overruled, the order thereon being as follows: "The foregoing plea coming on to be heard, after considering the same and in the light of section 18, pages 86 and 87 of the prohibition laws of 1915, said plea be and is hereby overruled." Exceptions were taken to this ruling. There was also a motion for a new trial, on the general grounds.

Section 805 of the Penal Code (1910) is as follows: "When a solicitor is absent or indisposed, or disqualified from interest or relationship to engage in a prosecution, the presiding judge must appoint a competent attorney of the circuit to act in his place, or he may command the services of the solicitor of any other circuit accessible, or he may make a requisition on the Governor for the attorney-general, as the emergency in his discretion may require." See Civil Code, § 4929. It is contended that in view of this provision, the judge erred in overruling the plea in abatement. Whether the solicitor-general was disqualified depends on the construction of the words, "disqualified from interest," in the section quoted, construed in connection with

section 18 of the act of 1915, supra, which is as follows: "Be it further enacted . . that any solicitor-general or other prosecuting attorney in the county whose duty it is to prosecute criminal cases on behalf of the State shall not be prohibited from commencing prosecution on his own affidavit against any party violating any provision of this statute or any other law of the State of Georgia for the suppression of the evils of intemperance; and it shall be the duty of every such solicitor-general, upon receiving information giving him probable cause to believe that there has been a violation of any statute upon the subject named, to proceed to lay the matter before the grand jury, or to institute a criminal prosecution against said party by affidavit before a court or judge of competent jurisdiction, if he is willing and able to make such affidavit for the institution of a criminal prosecution, or, if he is not, he must superintend the preparation of the papers and the institution of the prosecution, if any citizen is willing to make an affidavit for the institution of a criminal prosecution against any party for such violation, provided the solicitor is of the opinion upon the facts at hand that there is reasonable ground to believe that a conviction ought to be had. And sheriffs are charged with the duty of being on the alert for violations of any of such statutes and with co-operating with the solicitors and prosecuting attorneys in bringing violators to justice."

Counsel for plaintiff in error cite and rely on *Baker* v. *State,* 97 *Ga.* 452 (25 S. E. 321), and *Nichols* v. *State,* 17 *Ga. App.* 593, 604 (87 S. E. 817), and the cases cited in the latter case. In the *Baker* case, supra, the indictment was for criminal libel, and the publication which was the basis of the allegation in the indictment charged the solicitor-general with attempting to buy votes, and the record shows that he appeared before the grand jury in the dual character of prosecutor and State's counsel. In discussing the case Mr. Justice Lumpkin said: "We shall undertake no discussion of the proposition that it is improper for the solicitor-general to appear before the grand jury in a case which he himself prosecutes personally. It is, of course, his right as a citizen to be the prosecutor in any criminal case; but as he is the official counselor of the grand jury, he could not with propriety appear before that body and give advice in a case in which he was personally concerned. In such a case, a solicitor pro tem. should be

appointed before the indictment is laid before and acted upon by the grand jury." It will be noted that Justice Lumpkin said that "it is improper for the solicitor-general to appear before the grand jury in a case which *he himself prosecutes personally,*" and that "he could not with propriety appear before that body and give advice in a case in which he was *personally concerned.*" (Italics ours.) It will thus be seen that the opinion in the *Baker* case is based upon the fact that the solicitor-general had a *personal interest* in the matter, and as prosecutor he was acting in his *personal capacity.* The *Nichols* case, supra, was one in which the solicitor-general in his private capacity as attorney at law was counsel for the plaintiff in a suit against a railroad company, and his fee was dependent upon his client's recovery of damages; and it was held that the solicitor-general was "disqualified by interest from advising with the grand jury as to the finding of a true bill for perjury against a witness for alleged false testimony given by the witness in favor of the railroad company in that damage suit, where that cause, at the time of the finding of the indictment, is still pending in the courts." In that case Judge Broyles said: "In the instant case the undisputed averments in the plea in abatement show that while Knight, the solicitor-general's client in the damage suit, was named as the nominal prosecutor, the solicitor-general himself was substantially and to all practical intents and purposes the real prosecutor in the case, and that he, as well as his client, Knight, was pecuniarily interested in it, and he was therefore disqualified from advising the grand jury when they were considering the finding of a true bill against the defendant."

The case of *Hicks* v. *Brantley,* 102 *Ga.* 271 (29 S. E. 459), referred to and quoted from in the *Nichols* case, supra, was not a criminal case, but a suit for malicious prosecution, and the gist of the decision is that section 4958 of the Civil Code (1910), which provides that "Clients shall not be relieved from their liability to damages and penalties imposed by law, on the ground that they acted under the advice of their counsel, but are entitled to redress from them for unskilled advice," is not applicable to advice given by the solicitor-general relative to a criminal case in which he gives advice as the prosecuting officer. However, some of the language used in that case and quoted in the *Nichols* case is quite apropos to the instant case. It was there said: "A solicitor-

general or prosecuting officer for a particular circuit has only the State for a client. He can not be employed by a private person to prosecute a case, nor to give advice. His is a public duty. He represents the entire public. . . He is attorney and agent of the government in whatever concerns his office. . . The solicitor-general draws the bill of indictment, examines the witnesses, not with a view to the interest of any client, but alone to subserve public justice."

In the instant case the solicitor-general, when he signed the accusation as prosecutor, was not acting in his personal or individual character, or for his personal or individual interest, but in his character as an officer of the law specially charged by statute to perform this particular duty. He was not employed by any private person to prosecute, and his acts in connection with the instant case were "not with a view to the interest of any client, but alone to subserve public justice." In each of the cases from other States, quoted from in the *Nichols* case, supra, the prosecuting attorney had a personal interest in the case, or had been employed or engaged therein in his individual capacity as attorney.

It can not be successfully urged that the solicitor-general was "disqualified from interest" because he would participate in the division of the fine if one should be imposed upon conviction and be paid. To so hold would be to disqualify the prosecuting attorney in practically every case prosecuted; for under our State law his compensation comes from the fines and forfeitures realized from cases prosecuted by him. We are therefore convinced that the solicitor-general who appeared as prosecutor in the instant case was not disqualified, and that the court did not err in striking the plea in abatement.

The evidence is sufficient to support the verdict.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*