9823. TATUM v. THE STATE.

BROYLES, P. J. 1. The questions attempted to be raised by the demurrer could properly have been raised only by a plea in abatement, since the accusation itself did not show that the person who made the affidavit which was the basis of the accusation was the solicitor of the city court who preferred and signed the accusation; and the statement in the demurrer that the accusation was made by the said solicitor could not be considered. The demurrer was a "speaking" one, and was properly overruled.

2. The constitutional questions, even if they could have been presented in this case by demurrer, were not sufficiently raised, as no specific provision of the constitution was named as having been violated. In connection with these questions see the recent decision of this court in *Pinkney* v. *State*, 22 *Ga. App.* 105 (95 S. E. 539).

3. The court did not err in overruling the defendant's motion to exclude certain jurors from the panel put upon the accused, upon the ground that they had been summoned as tales jurors by the deputy sheriff, who, the defendant contended, "was the real prosecutor in the case; that it was through his efforts and acts that the case was made against the defendant"; that he was also "a witness in the case, and that it was upon his testimony the State relied largely for a conviction." In the special ground of the motion for a new trial, complaining of this ruling, it is not stated that the contentions of the defendant were true.

4. Under repeated rulings of the Supreme Court and of this court, a ground of a motion for a new trial, complaining of the trial court's refusal to exclude certain testimony of a witness, must set forth therein, or as an exhibit thereto, the evidence objected to. Under this ruling the 3d, 4th, and 5th grounds of the amendment to the motion for a new trial can not be considered.

5. Under the facts of the case the court did not err in admitting in evidence the two suit-cases tendered by the State.

6. It was not error for the court to refuse to direct a verdict for the defendant. A refusal to direct a verdict is never error.

7. Since the proof showed that the offense of having, controlling, or possessing intoxicating liquors was committed solely on August 24, 1917, after the passage of the prohibition law of 1917 (Acts 1917, Extraordinary Session, p. 7 and 8), which became effective on March 28, 1917, the court did not err in failing to instruct the jury that "it was incumbent upon the State to prove that if this law had been violated, it must have been done between the 28th day of March, 1917, and the date of the filing of the accusation." *Adams* v. *State*, 22 *Ga. App.* 252 (95 S. E. 877).

8. It is a violation of the prohibition law of 1917 (Acts 1917, Extraordinary Session, pp. 7, 8) for any person to have, control, or possess in this State any intoxicating liquors. It is not necessary, for a conviction, to show that the accused had, controlled, *and* possessed them. *Barbour* v. *State*, 21 *Ga. App.* 243 (94 S. E. 272).

9. The evidence in this case, while circumstantial, was sufficient to exclude

every reasonable hypothesis save that of the guilt of the accused, and the court did not err in denying the motion for a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED OCTOBER 10,. 1918.

Accusation of misdemeanor; from city court of Blackshear—Judge Mitchell. April 19, 1918.

*E. L. Bowen, W. A. Milton,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.