## 15269. HOGAN *v.* THE STATE.

The charge of "having, controlling, and possessing" intoxicating liquor may be established by proof of one of the acts charged.

The evidence was sufficient to show that the accused was guilty of controlling intoxicating liquor.

DECIDED APRIL 15, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 8, 1923.

*Branch & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.

LUKE, J. 1. The charge of "having, controlling, *and* possessing" intoxicating liquors may be sufficiently established by proof that the accused unlawfully had, controlled, *or* possessed such liquors, each of the three acts,—to have, to control, and to possess,—being alike made penal by the statute. *Barbour* v. *State,* 21 *Ga.*

*App.* 243 (1) (94 S. E. 272); *Tatum* v. *State,* 22 *Ga. App.* 638 (8) (96 S. E. 1046).

2. In the instant case the evidence and the defendant's statement together tended to show, in brief, that the owner of a restaurant in the city of Atlanta placed the accused temporarily in charge of the enterprise and of the servants employed therein; that a partition with an open window, through which food and orders for food were passed, divided the building into a front and a rear room; that while the accused was so in charge of the restaurant and occupied at the front, on seeing police officers enter he called to the servants in the rear to "pour it out"; that the officers, on hurrying to the rear, discovered one of the servants leaving the kitchen sink with an empty bucket, and also discovered a strong odor of whisky about the sink, the bucket, and a number of other vessels in the same room, some of which still contained a small quantity of whisky. The accused undertook no explanation of his command, "Pour it out," as testified to by the witnesses, but made a statement denying that he had given any such command or had any knowledge of the presence of the whisky in the restaurant prior to its discovery by the officers. It cannot be said, as matter of law, that there was no evidence to show that the accused was guilty of "controlling" intoxicating liquors as charged.

3. The sufficiency of the evidence to authorize the verdict (which was returned by a jury in the criminal court of Atlanta) being the only question presented for decision by the petition for certiorari, the judgment overruling the certiorari was not erroneous.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*