### 15948. BUFFINGTON *v.* THE STATE.

BROYLES, C. J. 1. There is no merit in the ground of the motion for a new trial which alleges that the court erred in overruling a motion (made when the case was called and before the signing of the plea) to disqualify the solicitor pro tem. from proceeding with the prosecution,

on the ground that he was related within the prohibited degree to the prosecutor of the case. See *Pinkney* v. *State*, 22 *Ga. App.* 105 (95 S. E. 539), and citations.

2. Evidence as to articles forcibly taken from the person of the accused, tending to establish his guilt of the offense of which he is charged, is admissible against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures, nor of the constitutional provision that no person shall be compelled to give testimony tending in any manner to criminate himself. However, if the accused be compelled himself to produce the incriminating evidence, the evidence should be rejected as being in the nature of an involuntary admission. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893).

3. The fourth amendment to the constitution of the United States (relating to unreasonable searches and seizures) applies only to proceedings in the Federal courts, and not to trials in State courts. *Johnson* v. *State,* 152 *Ga.* 271 (1) (109 S. E. 662, 19 A. L. R. 641).

4. It is well settled, by repeated rulings of the Supreme Court and of this court, that where a ground of a motion for a new trial complains of the admission of certain evidence, a portion of which is admissible, and the objection was to all of the evidence, the objection is too broad and the ground is without merit. In the instant case the defendant was charged with possessing intoxicating liquors, and the testimony of the arresting officer was that he arrested the accused and got three pints of whisky off his person; that the whisky was concealed in the defendant's clothes; that he (the officer) took one pint of whisky out of the defendant's bosom, and then made the defendant hand the other two pints to him. All of this testimony was objected to on the ground that the accused was compelled to produce the whisky. The evidence that the arresting officer himself took one pint of whisky from the person of the defendant was admissible, and this evidence alone demanded the verdict of guilty, as the evidence was not contradicted by any other evidence in the case, and was not even denied by the defendant in his statement to the jury.

5. Conceding (but not deciding) that the court erred in admitting the testimony complained of as to a certain warrant, this error was harmless, as the other evidence in the case (which was not even contradicted by the defendant's statement to the jury) demanded the verdict.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 9, 1924.

Accusation of possession of liquor; from city court of Floyd county—Judge Bale. September 26, 1924.

Application for certiorari was denied by the Supreme Court.

The ground referred to in paragraph 1 of the decision is as follows: "1. When said case was called and before signing the plea, the defendant's counsel made a motion to disqualify Mr. Alex. Harris from proceeding with the prosecution of the case, on the ground that he was related within the prohibited degree to Mr. C. I. Harris, the prosecutor in this case. It was admitted that

Mr. James Maddox, the solicitor of said court, was absent, and that Mr. Alex. Harris was duly appointed solicitor pro. tem. to act in his place during the term of court, and that Mr. Alex. Harris was a nephew of the said C. I. Harris, prosecutor in this case. The court overruled the motion; which ruling is assigned as error. Movant insists that the same Mr. Alex. Harris was disqualified to act as solicitor or solicitor pro tem. in said case, because he is related to the prosecutor in said case." The accusation was signed by James Maddox, solicitor, and by C. I. Harris, prosecutor.

*M. B. Eubanks,* for plaintiff in error.

*James Maddox, solicitor,* contra.