16917.  SHIRLEY, ordinary, for use, etc. v. TRAMMELL et. al.

BROYLES, C. J.  This is a suit against the sureties on a constable's bond, and the sureties filed a plea of non est factum.  Upon the trial the undisputed evidence showed that the sureties actually signed the bond in August, 1923, while the copy of the bond attached to the petition was dated January 1, 1923.  The evidence as to whether the bond bore the date January 1, 1923, when the sureties signed it, was in acute conflict; and, under the other facts of the case, this question was a material one and should have been submitted to the jury.  The court, therefore, erred in not so submitting the question, and in directing a verdict for the defendants.

Judgment reversed.  Luke and Bloodworth, JJ., concur.

DECIDED JANUARY 12, 1926.

Action on bond; from Milton superior court—Judge Blair. October 3, 1925.

H. B. Moss, G. B. Walker, for plaintiff.

J. P. Brooke, for defendants.

---

16919.  SMITH v. THE STATE.

BLOODWORTH, J.  1. Under the facts and in the light of the remainder of the charge, it was not error for the court to instruct the jury that "for anyone to take actual possession and control of intoxicating liquors of any amount is a violation of law regardless of ownership."

2. There was evidence to support the verdict.

Judgment affirmed.  Broyles, C. J., and Luke, J., concur.

DECIDED JANUARY 12, 1926.

Conviction of sale of liquor; from city court of Summerville—Judge Neal.  October 21, 1925.

C. D. Rivers, for plaintiff in error.

J. F. Kelly, solicitor, contra.