### 20059. SMITH *v.* THE STATE.

DECIDED DECEMBER 10, 1929.

*D. E. Griffin,* for plaintiff in error.
*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. The defendant was convicted of possessing intoxicating liquors, and excepts to the overruling of her motion for a new trial.

Some of the excerpts from the charge of which complaint is made in the motion for a new trial are susceptible to adverse criticism; but such errors will not require a new trial, because, under the evidence, including the defendant's statement, the jury rendered the only legal verdict they could have returned. The officers

testified that they went to the defendant's home and that when they arrived she was sitting on the front porch; that when they stopped the car she *immediately* got up and went into the house; that they followed her, and when they got to the kitchen she was standing with her hand in the kitchen sink, and whisky was in the sink and running out through the pipe that leads into the sewer; that when the first officer arrived at the sink the defendant "turned and caught hold of me and tried to shove me back to keep me away from the sink." The officer further testified that there was at least a half gallon of whisky left in the sink by the time he got up to it, and that in addition to that they found two half-gallon fruit-jars with a small quantity of whisky in them. The defendant in her statement at the trial admitted that the whisky was in the rooming-house which she ran; that she brought it from one place in her house to another; that she put it down where she could watch it; and that she tried to conceal it from the officers by pouring it into the kitchen sink when the officers came. This statement authorized her conviction. She contends that some unknown person owned the whisky. While one who has the ownership of or title to whisky may be guilty of possessing it, ownership of or title to whisky is not essential to possession. When the defendant took charge of the whisky and put it at a place in her house where she could watch it and did watch it, she was exercising control over it in contemplation of the statute. *Smith* v. *State*, 34 *Ga. App.* 776 (131 S. E. 185) ; *Frazier* v. *State*, 27 *Ga. App.* 261 (107 S. E. 896). She makes no contention that she had it in her hands temporarily for the purpose of pouring it out, or to deliver it to the officers, or that she called the officers. Nor does she deny that she shoved the officer back to keep him away from the sink when she was pouring it out. Even if others owned it, as she contended, her effort to conceal it from the officers was a participation in the misdemeanor.

Under the facts of the case none of the grounds of the motion for a new trial show cause for reversal, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*