### 20375. BLACK *v.* THE STATE.

DECIDED APRIL 15, 1930.

*Townsend & Ingram,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

LUKE, J. Bart Black was convicted of possessing intoxicating liquors. He assigns error on the overruling of his motion for a new trial. The evidence shows that the officers found a small quantity of liquor in the defendant's house, thirteen gallons hidden in the woods about 300 yards from his house, that the woods were on land rented by the defendant, that the defendant ran when the officers approached his house, and that his coat and cap were carried to him at a neighbor's house.

■ The 1st special ground of the motion for a new trial alleges, in substance, that the court erred in failing to charge that when liquor belonging to other persons is placed upon the premises of the defendant or in his home without his knowledge or consent, the mere finding is insufficient to convict; and that when liquor is

found upon premises jointly occupied by more than one person, proof of ownership in the defendant or lack of ownership in the other occupants is essential to conviction. This ground is without merit. The court charged that proof of possession by the defendant was necessary to a conviction, and that "if *he* did not possess in his home or on *his* premises whiskey, under the evidence, he would not be guilty." The charge given showed that the possession of the whisky must be shown to be that of the defendant. There was no written request for a fuller charge on this subject, nor was it demanded by the evidence; and "the failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial." *Cooper* v. *Nisbet,* 119 *Ga.* 752 (3) (47 S. E. 173). Furthermore, the instant case is differentiated by its facts from those cases in which more than one family lived in a house, or where more than one person had a key to a building where liquor was found, or where other persons had access to a portion of a building not controlled by the accused, who occupied another portion of it. In the instant case, so far as the record discloses, the defendant and his family were the only ones living on the premises where the liquor was found, and, though he had visitors, as could be proved in a majority of the cases, there is no evidence that any one else had control or joint control of the premises. This being true, the husband was presumed to be in control.

■ The court did not err in refusing to give the requested charge set out in the 2d special ground of the motion for a new trial. The evidence did not authorize a charge on joint ownership of the property, and ownership of the liquor is not essential to possession in contemplation of the statute under which defendant was convicted. See *Smith* v. *State,* 34 *Ga. App.* 776 (131 S. E. 185).

■ The court did not err in charging the jury as follows: "I charge you that when a husband and wife live together, that the house in which they live and all property in the house and upon the premises, are in the legal possession of the husband as head of the family, and, presumptively, the title to such property is also in the husband." "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as

the head of his family. This presumption of course is rebuttable."
*Isom* v. *State, 32 Ga. App.* 75 (1) (122 S. E. 722), and cit.

■ The 4th special ground of the motion complains that the court charged the jury in substance that if the defendant possessed whisky in any quantity, in his home or on his premises, he would be guilty; and that the law would presume it to be the husband's rather than the wife's, though this presumption was rebuttable. There was no error in such instructions. "Under the present pro-hibition laws of this State, the accused would be guilty, under an indictment for having and possessing intoxicating liquors, if he knowingly has in his possession any quantity thereof, even a spoonful." *Frazier* v. *State, 27 Ga. App.* 261 (b) (107 S. E. 896), and cit.; *Isom* v. *State, supra.*

■ The evidence authorized the defendant's conviction, no error requiring a reversal is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*