## 28932. WALTERS v. THE STATE.

DECIDED APRIL 28, 1941.

*Gray Skelton, W. L. Hailey,* for plaintiff in error.

*A. S. Skelton, R. Howard Gordon, solicitors-general,* contra.

GARDNER, J.   The case for the State reveals that the plaintiff in error was jointly indicted and tried with his son, Mack Walters, for the offense of illegally possessing intoxicating liquors.   The son was married, and lived in the house with his father.   Three officers with a search warrant went to the home of the plaintiff in error (hereinafter referred to as defendant) for the purpose of making a search for intoxicating liquors illegally possessed in the defendant's home.   Upon arriving at the home one officer entered the front of the house and began reading the contents of the search warrant to the defendant's wife, while the other two officers passed around to the back of the house.   The defendant and his son came out of the house through the back door.   Both had quantities of whisky, and the defendant had a half gallon in either hand, which he "threw down."   The defendant made no statement at his trial, and offered no evidence.   His son, Mack, made a statement in which he claimed the ownership and possession of the whisky, and exonerated the defendant.   The son denied that the father was present. The jury returned a verdict finding the defendant guilty.   He made a motion for new trial which he later amended.   The court overruled the motion, and the defendant excepted.

Assignments of error are on the general grounds, and on a special ground to the effect that the court erred in charging the jury that the title to the whisky was not involved, but only the illegal possession as charged in the indictment.   The evidence supported the verdict.   There is no merit in this assignment.

There is no merit in the second assignment of error, under the facts as related above.   The ruling in *Black* v. *State,* 41 *Ga. App.* 349 (152 S. E. 922), cited by the plaintiff in error, does not sustain his contention.   In that decision this court said: "Ownership of the liquor is not essential to possession in contemplation of the statute under which defendant was convicted."   See *Smith*

v. *State*, 34 *Ga. App.* 776 (131 S. E. 185). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*