## 31473. BROWN v. THE STATE.

DECIDED MARCH 21, 1947.

G. A. Johns, for plaintiff in error.

Hope D. Stark, Solicitor-General, contra.

MACINTYRE, J. Assuming the testimony of the witness Clark to be true, the defendant contends: that he did nothing more than admit that the whisky found by Clark and Alred was his; that the defendant did not say that the whisky was in his possession or under his control; that the defendant may have been admitting ownership of the whisky and still not be in possession or control thereof; that ownership of the whisky was not essential to possession; that, construing the statement in the light most unfavorable to the defendant, it amounts to no more than an incriminatory admission and as such is indirect or circumstantial evidence; that it was error for the trial judge, in charging the jury, to denominate

the incriminatory admission a confession and instruct upon it as though it was an admission of guilt, instead of an admission of fact from which, together with other evidence, the jury might or might not infer guilt; that there is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not; and that the statement of the accused, if made, was nothing more than an incriminating admission, indirect evidence, and since no direct evidence appears in the record of the case, it was error for the judge, though not requested so to charge, to omit to charge upon the law of circumstantial evidence. With these contentions we can not agree.

The defendant denied making the statement which the State contended was a confession.

The judge instructed the jury: "The State contends that a confession was made by the defendant in this case, and on that subject you are instructed that a confession is a free and voluntary statement made by a defendant without being induced by another by the slightest hope of benefit or the remotest fear of injury, wherein he acknowledges himself guilty of the crime charged. When testimony in the nature of an alleged confession is offered, gentlemen, it is for the jury to determine whether or not such alleged confession was, in point of fact, made or not; and if the jury should believe there was a confession, then, and in that event, the following principles of law would govern the jury in determining the weight of such testimony with reference to such alleged confession. All admissions should be scanned with care and confessions of guilt should be received with great caution. A confession, alone, uncorroborated by other evidence, will not justify a conviction." See *Lancaster* v. *State,* 54 *Ga. App.* 243, 245 (2) (187 S. E. 617).

In *Grubbs* v. *State,* 53 *Ga. App.* 377, 379 (186 S. E. 140), it is said: "'A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. A statement which admits the commission of an act, but which also gives legal excuse or justification, is not a confession.' *Owens* v. *State,* 120 *Ga.* 296 (2), 300 (48 S. E. 21). In that decision, the court said: 'A charge upon confessions, where there is no evidence . . to sup-

port such a charge, has been repeatedly held by this court to be error,' and cited *Suddeth* v. *State,* 112 *Ga.* 407 (37 S. E. 747), and *Dumas* v. *State,* 63 *Ga.* 600."

One of .the cases which the defendant strongly relies upon is *Pressley* v. *State,* 201 *Ga.* 267 (39 S. E. 2d, 478), wherein it is said: "Where there is evidence showing that the defendant admitted the homicide of which he is accused, and he states in connection therewith no facts or circumstances of excuse or justification, or gives reasons which are insufficient to furnish any legal excuse or justification, the statement amounts to a confession of guilt, and authorizes a charge on that subject. . . But if the accused makes an extrajudicial statement, in which he admits the homicide of which he is charged, but couples the admission with a statement of facts or circumstances which shows excuse or justification, such statement is not a confession of guilt, and it is error to charge the law of confessions." The former and not the latter rule above quoted in the *Pressley* case is applicable under the evidence in this case, whereas the latter rule was applicable under the evidence in the *Pressley* case.

Where one is accused of unlawfully having, controlling, and possessing the prohibited liquors here alleged in the indictment, the crime is the having, possessing, or controlling such liquors knowingly. *Morris* v. *State,* 51 *Ga. App.* 145 (179 S. E. 822).

"When it is said that, if persons contract for the sale of a specific chattel, it is presumed that the title passes; and that when a man voluntarily kills another, without any more known or stated, it is presumed to be murder, and that when a written communication to another is put in the mail, properly addressed, and postage prepaid, it is presumed that the other receives it, and that when one has been absent seven years and no knowledge of him had by those who would naturally know, death is presumed." Thayer on Common-Law Evidence, 326; *Scott* v. *State,* 57 *Ga. App.* 489, 492 (195 S. E. 923). We might add that, where one states that whisky belongs to him without anything more known or stated, it is presumed that it is his whisky and that he is in possession of it. The possession is imputed to him. In its strict legal sense, property belonging to one means one's exclusive right of possessing, enjoying, and disposing of a thing. Thompson *v.* Kreutzer, 112 Miss. 165 (72 So. 891). "Essence of 'ownership' of thing is aid which organized society, through courts as its agents, will give

one individual, to exclusion of all others, to take or keep possession of it." Ohio Valley Fire & Marine Ins. Co.'s Receiver v. Skaggs, 216 Ky. 535 (287 S. W. 969).

When Melvin Clark, an officer, testified that he had found whisky not in the house but on the premises where the defendant lived or on the land adjacent thereto, and had told the defendant when and where thereon he had found it, and that the defendant had "said the whisky was his" without saying anything more, this raised a legal presumption that the defendant knowingly possessed, had, or controlled such liquor. The presumption, however, was rebuttable. This was an admission of specific facts which, together with the legal presumption deemed to exist, constituted all of the essential elements of the offense of having, possessing, and controlling such prohibited liquors. Cook v. State, 124 Ga. 653, 655 (3) (53 S. E. 104); Webb v. State, 73 Ga. App. 748 (2, 3) (38 S. E. 2d, 54); Byars v. State, 73 Ga. App. 727 (38 S. E. 2d, 53).

The summation of what we have said above seems to us to be that, when the defendant said that the whisky was his without stating anything more, this was the legal equivalent of an admission that the prohibited liquor was in his possession, and thus there was an admission of all of the essential elements of the crime charged; and the court did not err in his charge on confessions or in failing to charge on circumstantial evidence. The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence. Smith v. State, 125 Ga. 296, 299 (54 S. E. 127). See also Pressley v. State, supra.

"A conviction may be lawfully had upon a free and voluntary confession, though the same be not otherwise corroborated than by proof of the corpus delicti." Wimberly v. State, 105 Ga. 188 (1) (31 S. E. 162); Miller v. State, 60 Ga. App. 682 (4 S. E. 2d, 729).

The facts in this case differentiate it from the cases cited by the defendant.

The evidence authorized the jury to find that there was a confession of the crime charged and that the corpus delicti was proved; and hence the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*