## 33980. ZETTEROWER v. THE STATE.

DECIDED MARCH 19, 1952.

·William J. Neville, Ralph U. Bacon, for plaintiff in error.
Walton Usher, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.) Although denied by the defendant, the jury was authorized to find that he admitted the possession of the whisky. Bulloch County being dry—of which fact this court takes judicial notice (see *Leonard v. State,* 204 *Ga.* 465 (4a), 50 S. E. 2d, 212)—the quantity of whisky was in violation of law. In *Brown* v. *State,* 74 *Ga. App.* 880 (3, 4, 5) (41 S. E. 2d, 912), it was held: "Where the defendant admitted that the whisky belonged to him without saying anything more, this raised a legal presumption that he knowingly possessed, had or controlled it. This presumption was rebuttable. Without anything more known or stated, such admission of specific facts, together with the legal presumption deemed to exist, constitute all the essential elements of the offense of having, controlling or possessing the prohibited liquor. When the defendant admitted that 'the whisky was his' or belonged to

him without stating anything more, this was the legal equivalent of an admission that he was in the possession of it, which would be a confession that he possessed the whisky as charged." The statement of the defendant here to the arresting officers, after they recovered the sack of whisky from the pond, that they need not look further as that was all he had, amounted to a confession and, taken in connection with the other circumstances herein set out, was sufficient to authorize the jury to return a verdict of guilty. *Wren* v. *State,* 57 *Ga. App.* 641 (196 S. E. 146) ; *Smith* v. *State,* 40 *Ga. App.* 622 (150 S. E. 923) ; *Hogan* v. *State,* 32 *Ga. App.* 25 (122 S. E. 637).

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*