## 38235. SMITH *v.* THE STATE.

TOWNSEND, Judge. 1. The defendant was tried in the Criminal Court of Fulton County on an accusation charging him with possession of non-tax-paid liquor. On conviction he applied to the Superior Court of Fulton County for writ of certiorari. It appears from the allegations of the petition plus the untraversed answer of the trial judge that the evidence on behalf of the State was confined to the testimony of a deputy sheriff that he went to the defendant's house, located at 104 Mc-Donough Boulevard, S. E., in Fulton County on a named date; that there were four or five rooms in the house; that in one room he found 8 jars of non-tax-paid liquor; that the bottles had no tax stamps on them; that the defendant was at home; that the witness understood that some other people lived in the house with the defendant but did not of his own knowledge know whether anyone else occupies the house. The defendant stated: "I didn't know anything about this whisky; I am not guilty; I didn't know it was there and it is not my whisky."

2. Under this evidence, the contention that there was no proof of venue is without merit. *Bishop* v. *State,* 44 *Ga. App.* 290 (2) (161 S. E. 271).

3. The evidence was sufficient prima facie to establish that the contraband liquor was found in the home of the defendant and thus to create the legal presumption that he was the owner and possessor of it. *Norton* v. *State,* 65 *Ga. App.* 25 (14 S. E. 2d 609).

4. The presumption that liquor found on the defendant's premises belongs to him may be rebutted by proof that others than the defendant had equal access and opportunity to place the liquor in the location where it was found. *Harper* v. *State,* 85 *Ga. App.* 252 (3) (69 S. E. 2d 102). The word "others" does not include the defendant's wife and members of his immediate household whose possession is in law presumed to be his possession. *Black* v. *State,* 41 *Ga. App.* 349 (2) (152 S. E. 922). The testimony of the State's witness on cross-examination that he understood that some other people lived in the house, where he also stated he had no knowledge of this fact, was a conclusion, but, even if it was not a conclusion it would not affirmatively show that others than the defendant's wife and household lived there. The State having made a prima

facie case, the defendant should, if he wished to rebut the presumption that the liquor which was found in his house belonged to him, have introduced evidence in rebuttal showing that others than he and those under his immediate control had equal access to the place where the liquor was found.

It was not error to overrule the petition for certiorari.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED APRIL 14, 1960.

*James R. Venable*, for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller*, contra.