24880. DAY v. MILLS, Warden.

SUBMITTED OCTOBER 15, 1968—DECIDED NOVEMBER 7, 1968.

*Garland & Garland, Edward T. M. Garland*, for appellant.
*Lewis R. Slaton, Solicitor General, Tony H. Hight, J. Walter LeCraw, Arthur K. Bolton, Attorney General*, for appellee.

ALMAND, Presiding Justice. Rufus Willie Day filed his amended two-count petition for habeas corpus in the Superior Court of Fulton County asserting that he is restrained and imprisoned pursuant to a conviction and sentence that is illegal and unconstitutional. Count 1 of the petition alleged that peti-

tioner was denied his constitutional rights to the assistance of counsel and to a fair trial in that the trial court admitted into evidence incriminating statements petitioner made to police officers without being advised of his constitutional rights, and Count 2 alleged that the trial court failed to afford petitioner a fair and reliable procedure for determining the voluntariness of the incriminating statements in that the trial court failed to determine and rule on the voluntariness of the incriminating statements prior to their admission into evidence before the jury. Respondent, Carl Mills, Warden of the Fulton County Public Works Camp, filed an answer to the petition, and the application for the writ of habeas corpus came on for a hearing. After hearing evidence and the argument of counsel for both parties, the trial court denied the application for habeas corpus as follows: "The court finds as a matter of fact that none of the constitutional rights of the prisoner have been violated by the arresting officers in this case.

"The court further finds that the defendant [petitioner] had a fair and legal trial, and that none of his lawful or constitutional rights were violated in the trial of his case." Petitioner appeals from this order denying his application for the writ of habeas corpus.

■ Petitioner was convicted and sentenced on May 5, 1965, prior to the ruling in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). Thus, our inquiry will be limited to a determination of whether the petitioner was afforded his constitutional rights as set forth in Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977). See Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882).

Petitioner contends that he was deprived of his constitutional right to the assistance of counsel and to a fair trial in that incriminating statements were admitted into evidence and such statements were elicited by police officers from the petitioner before he was advised that he had the right to have a lawyer, that he had a right not to say anything, and that anything he said could be used against him.

However, the record in the instant case does not substantiate this contention. On the contrary, evidence at the habeas corpus

hearing given by a police officer to whom these statements were made, was that the petitioner made these statements freely and voluntarily after he was advised that any statement made by him could be used against him in court and that he had a right to an attorney, to which the petitioner replied he did not want an attorney present. In the transcript of the original trial which was placed in evidence in the habeas corpus hearing, another police officer gave the following testimony: "Q. Prior to him [petitioner] giving the statement, I will ask you whether or not you informed him that he didn't have to make any statement? A. Yes, we did. Q. Did you further inform him that if he did it might be used in a court of law against him? A. We did. Q. As to his right to counsel, did you advise him of this right? A. Yes. Q. After so advising him of counsel did he request counsel? A. No, he didn't." Furthermore, the written statement which was made and signed by the petitioner and which was introduced in evidence at the habeas corpus hearing, recites clearly and definitely that petitioner was advised of each of the constitutional rights of which he now contends he was not advised. There was testimony that petitioner had this written statement read to him and that he said he understood it.

The foregoing evidence is sufficient to support the trial court's findings in the instant case that the arresting officers did not violate any of petitioner's constitutional rights and that petitioner did have a fair trial. *Brown v. Smith*, 223 Ga. 433 (156 SE2d 28).

■ Petitioner contends the trial court deprived him of his constitutional right to a fair trial by failing to determine the voluntariness of his incriminating statements prior to their admission into evidence before the jury as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). Assuming the Jackson case applies to admissions as well as to confessions, a survey of the trial record discloses that petitioner's attorney at his trial did not make any objection concerning the voluntariness of the statements. The only objection made was to the manner of introducing the statements, and this was corrected by instructions from the solicitor to the witness. No further objection was made.

We are of the opinion that the Jackson case is inapplicable to the instant case because the question of voluntariness was never raised. The instant situation comes within the holding of Lundberg v. Buchkoe, 389 F2d 154, 157 (6th Cir.) which is as follows: *"Jackson does not apply because the question of the alleged coerced confession was not raised at appellant's trial. Jackson does not require the trial judge to hold a preliminary hearing sua sponte regarding the voluntariness of a defendant's confession or admission; it merely deals with the procedure to be followed in determining the issue when it is raised by objection or otherwise."* There was no way the trial court could have been aware that the voluntariness of the petitioner's statements was questioned. Evans v. U. S., 377 F2d 535 (3) (5th Cir.). Therefore, applying this reasoning to the instant case in which no objection was raised to the voluntariness of the petitioner's statements, we conclude the petitioner was afforded a fair trial and was not deprived of any constitutional right. See Pinto v. Pierce, 389 U. S. 31 (88 SC 192, 19 LE2d 31) and *Abrams v. State,* 223 Ga. 216 (1) (154 SE2d 443).

■ Petitioner contends the order denying his application for the writ of habeas corpus is erroneous because the trial court failed to make proper findings of fact in compliance with *Code Ann.* § 50-127 (9) (Ga. L. 1967, pp. 835, 836) which provides: "After reviewing the pleadings and evidence offered at the trial of the case, the judge of the superior court hearing the case shall make written findings of fact and conclusions of law upon which the judgment is based. Such findings of fact and conclusions of law shall be recorded as part of the record of the case." This contention is without merit. *Code Ann.* § 50-127 (9) (Ga. L. 1967, pp. 835, 836) does not require the trial court at a habeas corpus hearing to set forth each fact upon which he bases his finding. These facts appear in the record, and no useful purpose would be accomplished by having the trial judge repeat them. This Code section simply requires the trial judge to set out his findings of fact showing a consideration of the facts of the case and a determination in relation to these facts.

In the instant case the trial judge made sufficient findings of fact in his judgment denying the application for the writ of

habeas corpus by expressly ruling as a matter of fact that none of the petitioner's constitutional rights had been violated by the arresting officers and that petitioner had a fair and legal trial. This determination shows the incorporation of and consideration of the facts before the court. Thus, this judgment fully complies with the provisions of *Code Ann.* § 50-127 (9) (Ga. L. 1967, pp. 835, 836).

The trial court did not err in denying petitioner's application for the writ of habeas corpus and remanding petitioner to the custody of the State.

*Judgment affirmed. All the Justices concur.*