### 53637. WILLIAMSON v. THE STATE.

SHULMAN, Judge.

Defendant was charged by accusation with unlawful possession of more than the limit of tax paid liquor and unlawful possession of nontax - paid cigarettes. He was convicted by a jury and appeals. We affirm.

1. Appellant alleges that the trial court erred in overruling his motion to suppress evidence seized by the state during a search of appellant's house. The evidence shows that although a warrant to search appellant's house had issued, the warrant failed to list the correct legal owner of the house. Upon discovering this defect in the warrant, the search was abandoned. Even though permission to search the house was lawfully given, the authorities did not conduct a search. When other law enforcement officials arrived and consent was again given, a search was conducted.

Appellant contends that the presence of law enforcement officials was so oppressive that voluntary consent could not be given. We do not agree. "[U]nder all the circumstances shown in connection with the consent given the officers to search without a warrant, the trial judge was authorized to find that the consent was not the product of coercion, duress or deceit." *Code v. State,* 234 Ga. 90, 95 (214 SE2d 873).

2. Appellant argues that the absence of an affidavit, upon which an accusation must be based, rendered the criminal proceeding null and void. It is of course true that " '...valid affidavit is essential to support an accusation and without such an affidavit the whole trial is a nullity.' [Cits.]" *Smith v. State,* 140 Ga. App. 339 (231 SE2d 91). Here, however, a warrant and affidavit were produced on appellant's attack of the affidavit. Since a valid affidavit was found to exist, the conviction is not void on this ground. *Chauncey v. State,* 129 Ga. App. 207 (2) (199 SE2d

391).

3. Appellant asserts that the trial court erred in instructing a juror not to take notes because the case was "not really complicated." In the absence of unusual circumstances the matter of jury note taking is left to the discretion of the trial judge. *Holcomb v. State,* 130 Ga. App. 154 (202 SE2d 529); *White v. State,* 137 Ga. App. 9 (223 SE2d 24). Therefore, we cannot say that the trial judge abused his discretion or expressed an opinion by such comments.

4. Appellant argues that the trial court erred in permitting testimony that numerous "freshly emptied" liquor bottles were found during the search of appellant's house. This enumeration must fail. Aside from the fact that possession of empty liquor bottles is no crime, "[a] free and voluntary consent that one's belongings be searched is a waiver of objection to the evidence produced as a result of the search." *Young v. State,* 113 Ga. App. 497 (148 SE2d 461).

5. Appellant claims that the court erred in failing to conduct a Jackson v. Denno hearing to determine voluntariness of a confession before allowing jury consideration. Testimony shows that while the search was being conducted the appellant said, "This is my personal stock of liquor. This is my drinking liquor. These is my cigarettes...I did not know they was in violation."

Appellant is correct. There can be no doubt that this statement was not merely an admission but was sufficient to constitute a confession. *Zetterower v. State,* 85 Ga. App. 708 (70 SE2d 43); *Nelson v. State,* 113 Ga. App. 360 (147 SE2d 838).

Defendant objected to the admission of the alleged confession by stating that: "I'm going to have to object... [P]erhaps we ought to be talking about this without the jury hearing it, but [the district attorney] has failed to lay the foundation as to whether or not the defendant was under arrest at the time these admissions were made, if they were in fact admissions. He has failed to lay a foundation as to whether or not the defendant was advised of his rights concerning statements made by him and their possible use. There has been no hearing as to whether or not that has been done. . ."

Thus, this is not a case where no objection has been made. See *Chadwick v. State,* 221 Ga. 574 (3) (146 SE2d 283); *Pierce v. State,* 238 Ga. 682; *Archie v. State,* 137 Ga. App. 386 (2) (224 SE2d 64).

This is also not a case where an improper objection has been made. See *Day v. Mills,* 224 Ga. 741 (164 SE2d 828) (objection to manner of introducing statements); *Watson v. State,* 227 Ga. 698 (1) (182 SE2d 446) (sole objection: defendant not apprised of his constitutional rights); *Dillard v. State,* 128 Ga. App. 747 (197 SE2d 924) (sole objection: no foundation); *Scudiere v. State,* 130 Ga. App. 477 (203 SE2d 581) (sole objection: admission of confession would put defendant's character in issue). This case is controlled by *Hilliard v. State,* 128 Ga. App. 157 (195 SE2d 772) wherein this court held that a Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was required after a motion to strike an alleged confession was made with no contention that the statement was coerced or involuntary. Accord, *Schneider v. State,* 130 Ga. App. 3 (202 SE2d 238).

Accordingly, the case must be returned to the trial court, and the trial judge must hold a hearing to determine whether the confession was voluntary; in the absence of such a hearing, or in the event the judge finds the confession was coerced, the verdict will be set aside. *Schneider v. State,* supra.

6. Appellant submits that the failure to grant a directed verdict of acquittal constituted reversible error. Code Ann. § 27-1802. This enumeration must fail. Even without the introduction of the liquor and the cigarettes, there was sufficient evidence to authorize conviction. The state is not required to introduce contraband into evidence to establish its case. *Patterson v. State,* 138 Ga. App. 290 (226 SE2d 115); *Sisson v. State,* 141 Ga. App. 559 (2).

7. Appellant asserts that the trial court improperly restricted opening and closing argument. Code Ann. § 27-2201. The trial judge instructed appellant that a waiver of the opening argument by appellant would result in limiting the closing argument to rebuttal in response to the state's closing argument. We cannot say that appellant was denied any statutory right under Code

Ann. § 27-2201. Appellant exercised his right to open and waived closing argument. No restriction was imposed on appellant. Harm as well as error must be shown to authorize reversal by this court. *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491).

8. The trial court charged that "an accused may testify or not in his own behalf as he may choose. When an accused person elects not to testify this shall be held against him in no manner whatsoever, nor may any inference unfavorable be drawn therefrom by the jury." This charge is proper. *Woodard v. State,* 234 Ga. 901, 905 (218 SE2d 629).

9. The trial court charged that "the burden of proof is upon the state to prove each element of the offense charged to your satisfaction and beyond a reasonable doubt... The defendant comes into court and enters upon the trial of the case with the presumption of innocence in his favor and this presumption remains with him throughout the trial until his guilt is established by proof." Appellant contends that this charge was erroneous because the charge should have concluded with "proof beyond a reasonable doubt." The record shows that the judge recharged the jury that "the burden of proof...is upon the state to prove each element of each offense charged in the accusations to your satisfaction and beyond a reasonable doubt." This enumeration is without merit. *Payne v. State,* 233 Ga. 294 (210 SE2d 775); *Brock v. State,* 91 Ga. App. 141 (85 SE2d 177).

10. For the reason stated in Division 5, this case is remanded to the lower court for a separate determination in accordance with Jackson v. Denno, 378 U. S. 368, supra, to determine whether the confession was freely and voluntarily made; otherwise the case is reversed. *Hilliard v. State,* 128 Ga. App. 157 (8), supra.

*Judgment affirmed with direction. Quillian, P. J., and Banke, J., concur.*

SUBMITTED MARCH 8, 1977 —
DECIDED MAY 3, 1977.

*M. Francis Stubbs,* for appellant.

*Phillip R. West, District Attorney,* for appellee.