77791. THE STATE v. SUTHERLAND.
(379 SE2d 580)

CARLEY, Chief Judge.

Appellee-defendant is a member of the Board of Commissioners of Gordon County (Board). In September of 1987, the District Attorney of Gordon County, Darrell Wilson, filed a civil action against the Board. Mr. Wilson's action sought to enjoin the Board's implementation of its 1988 budget which called for a reduction in funds for the district attorney's office. In the complaint, Mr. Wilson alleged that appellee had a "personal vendetta" against the district attorney's office and that appellee had persuaded other members of the Board to reduce the budget for the district attorney's office.

On June 3, 1988, the Grand Jury of Gordon County returned an indictment charging appellee with four counts of attempted embracery. On June 10, 1988, the grand jury returned another indictment charging appellee with one count of attempted embracery and three counts of embracery. Both criminal indictments were prepared and presented by Mickey Thacker, the Chief Assistant District Attorney for Gordon County. Appellee then filed a motion to quash the two indictments, on the ground that Mr. Wilson and all members of his staff were disqualified from initiation of and participation in a criminal prosecution against him. After the trial court conducted a hearing on appellee's motion, it entered an order which noted that, "[s]ince the District Attorney[, Mr. Wilson,] voluntarily excused himself from the handling of these cases the only question is whether it was improper for Chief Assistant District Attorney Thacker to present the cases." Because Mr. Thacker had testified in the hearing that his salary would be reduced by the Board's proposed budget, the trial court found that Mr. Thacker had a financial interest in the outcome of the civil action filed by Mr. Wilson against the Board and that Mr. Thacker was, therefore, disqualified from any participation in the criminal cases against appellee. The State appeals from the order of the trial court quashing the indictments against appellee on the ground of Mr. Thacker's disqualification.

Any disqualification of Mr. Wilson from participation in the

prosecution of appellee would not automatically disqualify all members of his staff. See *Frazier v. State*, 257 Ga. 690, 693 (9) (362 SE2d 351) (1987). Accordingly, the issue presented for determination is whether Mr. Thacker was himself shown to be disqualified from participation in the prosecution of appellee. "Disqualified from interest" "means a 'personal interest,' and . . . a solicitor is not disqualified by personal interest in a case where he 'was not acting in his personal or individual character, or for his personal or individual interest, but in his character as an officer of the law specially charged by statute to perform this particular duty.' [Cits.]" *Scott v. State*, 53 Ga. App. 61, 68 (3) (185 SE 131) (1935). See also *State v. Davis*, 159 Ga. App. 537, 538 (2) (284 SE2d 51) (1981). Mr. Thacker may have an interest in the outcome of the civil action that Mr. Wilson filed against the Board. The relevant question is, however, whether he has a disqualifying personal interest in the criminal prosecution of appellee. The criminal charges which have been lodged against appellee have no factual connection whatsoever to the civil action against the Board and the outcome in neither proceeding would in any way have an effect upon the other. Compare *Nichols v. State*, 17 Ga. App. 593 (1) (87 SE 817) (1916). There is no suggestion that, as the result of the civil action that was filed against all of the members of the Board in their official capacities, Mr. Thacker has gained access to information which can be used in the criminal prosecution against appellee in his individual capacity. Compare *Lane v. State*, 238 Ga. 407, 408 (4) (233 SE2d 375) (1977); *Conley v. Arnold*, 93 Ga. 823, 824 (1) (20 SE 762) (1894); *Davenport v. State*, 157 Ga. App. 704 (278 SE2d 440) (1981). " 'The administration of the law, and especially that of the criminal law, should, like Caesar's wife, be above suspicion, and should be free from all temptation, bias, or prejudice, so far as it is possible for our courts to accomplish it. . . .' [Cit.]" *Davenport v. State*, supra at 705-706 (1). However, the mere filing of Mr. Wilson's civil action against the members of the Board in their official capacities is no basis for affording appellee complete immunity from prosecution by any and all of Mr. Wilson's employees for such unrelated crimes as appellee allegedly committed in Gordon County in his individual capacity. Mr. Wilson's civil action is entirely separate from appellee's criminal prosecution and, assuming that Mr. Thacker is a partisan, he has not been shown to be such a partisan as would disqualify him from proceeding with the prosecution of appellee. " 'While the prosecuting officer should see that no unfair advantage is taken of the accused, yet he is not a judicial officer. Those who are required to exercise judicial functions in the case are the judge and jury. The public prosecutor is necessarily a partisan in the case. If he were compelled to proceed with the same circumspection as the judge and jury, there would be an end to the conviction of criminals.' " *Scott v. State*, supra at 67

(3). The record shows nothing to suggest that, in his handling of the prosecution of appellee, Mr. Thacker was "acting in his personal or individual character, or for his personal or individual interest, but in his character as an officer of the law specially charged by statute to perform this particular duty. He was not employed by any private person to prosecute, and his acts in connection with the instant case were 'not with a view to the interest of any client, but alone to subserve public justice.' " *Pinkney v. State*, 22 Ga. App. 105, 109 (95 SE 539) (1918). The trial court erred in granting appellee's motion to quash the indictments on the ground of Mr. Thacker's disqualification.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1989 —
REHEARING DENIED MARCH 6, 1989 —

*Mickey R. Thacker, Assistant District Attorney*, for appellant.
*William W. Keith III*, for appellee.