## A01A0963. COLBERT v. THE STATE.
### (547 SE2d 714)

ELDRIDGE, Judge.

A Spalding County jury found Wilbert Colbert guilty of possession of cocaine. The charge arose when Colbert dropped to the ground a small red baggie of crack cocaine during his lawful arrest on a warrant for probation violation. Colbert appeals his conviction and, in his sole enumeration of error, claims that he was "denied his right of confrontation and due process under the United States Constitution when the State failed to produce physical evidence [the cocaine] at trial or explain its unavailability." Upon review, we affirm Colbert's conviction.

(a) At trial, Colbert moved for a directed verdict, claiming

> [t]he State has not proved each and every essential element beyond a reasonable doubt. First of all we didn't have any evidence that — there are no drugs in this case. There's — you know, there's no evidence that's been presented to the jury that — of actually what the substance — any tangible evidence or what the substance was or what it looked like or anything to that degree. We would move for a directed verdict at this time.

Colbert's claim went solely to the sufficiency of the evidence to prove his guilt. He did not claim a due process/confrontation clause violation based on the State's failure to produce the cocaine at trial, and the trial court did not rule on such issue. "It is well settled that a reason urged by enumeration of error on appeal which is different from

that urged below will not be considered for the first time on appeal."[1]

(b) Colbert did not object to the testimony of the Georgia Bureau of Investigation Crime Lab technician that the substance in the red baggie tested positive for cocaine. Nor did Colbert make a motion to suppress or otherwise object to testimony regarding the cocaine based on any taint in the chain of custody. Thus, there was no error because "[t]he state is not required to introduce contraband into evidence to establish its case."[2]

(c) Colbert did not seek an order for independent testing of the cocaine. Nor is there any evidence that an independent test would prove to be exculpatory. Accordingly, this Court's decision in *State v. Blackwell*, 245 Ga. App. 135 (537 SE2d 457) (2000), is not implicated herein.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2001.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*William T. McBroom III, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.

---

[1] (Citations and punctuation omitted.) *Kight v. State*, 242 Ga. App. 13, 18 (3) (528 SE2d 542) (2000).

[2] (Citations omitted.) *Williamson v. State*, 142 Ga. App. 177, 179 (6) (235 SE2d 643) (1977).