## 25448. BLOCKER v. THE STATE.

MOBLEY, Presiding Justice. The appellant, with a companion, Lindsey Poole, was jointly tried and convicted, and the appellant was sentenced to four years in the penitentiary. The appellant appealed from the judgment and sentence, and enumerates error on three grounds.

1. The first enumeration of error alleges that the court erred in charging the jury that: "You will write a verdict against Freddie Blocker and a verdict against Lindsey Poole." Immediately preceding that he charged: "Now, you are to make a determination in two cases. You are to make a determination of the guilt or innocence of Freddie Blocker, and you are

to make a determination of the guilt or innocence of Freddie [sic] Poole, and you'll make your determination based on the evidence as given as it relates to each of them individually, and based on the law given to you by this court, and you will write two verdicts." While the charge complained of is inept, when taken in context it would not have caused the jury to believe that the court intended that they render a verdict of guilty against the appellant unless they found him guilty under the evidence and the court's charge. The charge in its entirety made it clear that they should find him guilty only if they were convinced by the evidence beyond a reasonable doubt of his guilt. The excerpt from the charge, when considered with the rest of the charge was not harmful to the appellant. *Newman v. State,* 144 Ga. 494 (87 SE 398); *Greer v. State* 159 Ga. 85 (8) (125 SE 52); *Harris v. State,* 191 Ga. 243 (12 SE2d 64); *Brown v. State,* 195 Ga. 430 (3) (24 SE2d 312).

2. The second enumeration of error alleges that the court erred in giving the following charge: "In all criminal cases, the defendant shall have the right to make to the court and jury such statement in the case as he thinks proper in his own defense. Now, his statement, and both statements in this case, of both defendants, was under oath, and their testimony shall have such weight and credit as the jury shall desire to give it, and you may believe each of their statements and sworn testimony in preference to the other sworn testimony in the case." While it would have been preferable for the court not to have charged that the defendant had a right to make a statement, when he had not made a statement, but had testified under oath, the judge did charge that the statement was under oath and that "their testimony shall have such weight and credit as the jury shall desire to give it, and you may believe each of their statements and sworn testimony in preference to the other sworn testimony in the case." When considered as a whole the charge complained of was not calculated to mislead the jury (*Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (2) (68 SE 804)), and was not harmful to the appellant. *Hailey v. McMullan,* 144 Ga. 147 (2) (86 SE 315); *Brown v. State,* 208 Ga. 304 (2) (66 SE2d 745). This ground is without merit.

3. The third enumeration of error, asserting the insufficiency of the evidence to support the verdict, was abandoned.

*Judgment affirmed. All Justices concur.*

SUBMITTED OCTOBER 14, 1969—DECIDED NOVEMBER 12, 1969.

*Casey Thigpen,* for appellant.

*H. R. Thompson, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.