26302.   BROOKS v. THE STATE.

■■■■■■

ARGUED FEBRUARY 9, 1971—DECIDED MARCH 4, 1971.

■■■■■■

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. The defendant was indicted for the murder of William A. Rutledge, and aggravated battery against Melvin V. Pike by shooting him and causing loss of sight in both eyes. He was convicted on both indictments, and sentenced to life imprisonment on the murder count, and twenty years on the other, to run concurrently. The defendant's motions for new trial in both cases were denied, and the appeal is from that judgment.

Enumerated as error is the denial of the motion for new trial on all grounds.

■ Enumeration of error No. 1 alleges that the court erred in permitting Kelley Fite to testify as a witness, when he was not on the list of witnesses furnished defendant's counsel as required by *Code* § 27-1403, as amended by Ga. L. 1966, pp. 430, 431, and the Constitution, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105).

Where, as here, the defendant upon call of his case waived list of witnesses and arraignment, he cannot complain of the failure to comply with the requirement of *Code Ann.* § 27-1403 that, "Every person charged with an offense against the laws shall be furnished, *on demand,* previously to his arraignment, with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded." (Emphasis supplied.) *Jones v. State,* 224 Ga. 283, 285 (161 SE2d 302). See also: *Green v. State,* 223 Ga. 611 (1) (157 SE2d 257); *Hunsinger v. State,* 225 Ga. 426, 427 (169 SE2d 286). This ground is without merit.

■ Enumeration of error No. 2 is that the trial court erred in permitting a witness to testify, who had been present during the

trial, even though the rule of sequestration had been invoked. This witness had assisted in the trial of the case by taking, at the direction of State's counsel, certain State's exhibits to the crime laboratory and returning them to the court. His testimony related solely to transporting the papers and identifying them, and related in no way to the guilt or innocence of the defendant. He was not incompetent to testify as a witness (*Pippins v. State,* 224 Ga. 462 (2) (162 SE2d 338)), and the court did not abuse its discretion in permitting him to testify. See *Dye v. State,* 220 Ga. 113 (137 SE2d 465); *Hunsinger v. State,* 225 Ga. 426, 427, supra; *Perdue v. State,* 225 Ga. 814 (4) (171 SE2d 563).

■ The third enumeration of error complains that the court erred in failing to charge the law of voluntary manslaughter (Ga. L. 1968, pp. 1249, 1276; *Code Ann.* § 26-1102); the fourth enumeration of error complains that the court erred in failing to charge on justifiable homicide and defense of self (Ga. L. 1968, pp. 1249, 1272; *Code Ann.* § 26-902 (a); the fifth enumeration of error complains that the court erred in failing to charge on the use of force in defense of property (Ga. L. 1968, pp. 1249, 1273; *Code Ann.* § 26-904). There were no requests to charge any of these principles, and no objection was made to the charge because of any failure to charge them. It is asserted by the defendant that the evidence demanded these charges.

The State's evidence showed that the defendant and Pike, who was later shot and blinded by the defendant, drove to an apartment where the deceased lived. They had both been drinking. Three men were present in the apartment, one of whom was Rutledge, the deceased, who was shot and killed. The defendant was heavily intoxicated and went to sleep. He suddenly aroused and without any provocation began shooting, first hitting Pike, blinding him. The others ran from the room. All the witnesses present testified that the defendant was the only man with a gun and that there had been no argument or fight immediately before the defendant pulled out his gun and began shooting.

The defendant testified that he and Pike had gotten some whiskey, and their intention was to go to Pike's apartment and drink it. When he entered the door, the deceased and another man were standing there, and he saw a stool flying at him, which hit him on

the side of the head, and he does not remember anything until he was talking to the police. He did not shoot anyone, and did not pull a gun out and wave it around.

In a written statement introduced by the State, made on the date of the homicide, the defendant stated that: ". . . We went inside and someone shut the door behind me and locked it. The men started trying to take my billfold. We started fighting and I was scared. The next thing I remember is I was at the hospital and someone was asking me if I owned a Cadillac. I remember taking my pistol out of the car and putting it in my pocket, because my car was not locked."

The court charged fully on justifiable homicide. This charge was couched substantially in the language of Sections 26-1011 and 26-1012 of the Code of 1933, rather than in the language of the Criminal Code of 1968. In essence the old law and the new law have the same standard as to justification of homicide. The new law provides that a person, to prevent injury to person, is justified in using force likely to cause death "only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself. . . or the commission of a forcible felony." Ga. L. 1968, pp. 1249, 1272 (*Code Ann.* § 26-902). In defense of property, the use of force likely to cause death is not justified "unless the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony." Ga. L. 1968, pp. 1249, 1273 (*Code Ann.* § 26-904).

The charge given sufficiently instructed the jury on the elements of justifiable homicide, and in the absence of any request to charge, or objection to the charge, it was not error to fail to charge in the language of Ga. L. 1968, pp. 1249, 1272, 1273 (*Code Ann.* §§ 26-902, 26-904).

There was no evidence requiring a charge on voluntary manslaughter. The evidence for the State showed unprovoked murder. The defendant in his testimony, and in the written statement introduced by the State which he made on the date of the homicide, denied that he killed the deceased. Should the jury have believed that he did the killing, but under circumstances stated either in his testimony or in his statement, the killing would have been justified because of the forcible felony which he claimed was made

on him, and they should have acquitted him.

It was therefore not error for the court, without request or objection, to fail to charge on voluntary manslaughter.

■ The evidence amply supported the verdict, and the trial court did not err in denying the defendant's amended motion for new trial.

*Judgment affirmed. All the Justices concur.*