## 47735. HILLIARD v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of burglary. Three separate indictments were returned against him, which were consolidated for trial. He was thereafter sentenced to serve 7 years in each case to be served concurrently.

No immediate appeal was filed, but after defendant reached the Diagnostic Center at Jackson, Georgia, he filed a petition for habeas corpus, and after a hearing, Judge Hugh D. Sosebee issued an order remanding the prisoner to the Richmond County authorities, there to be provided with an opportunity to appeal or to be re-tried within a reasonable time. The basis for this order was the denial of his right of appeal and the right of assistance of counsel on appeal. This judgment has become final with no appeal by the State.

Thereafter in response thereto appeal counsel was appointed, and a motion for a new trial was filed, amended, and overruled. The defendant appeals from the judgment and sentence, enumerating error on the denial of his motion for new trial, as amended. *Held:*

1. The judgment in the habeas corpus case, unexcepted to, has become final and binding; hence the lower court did not err in entertaining the motion for new trial after adjournment. See Code § 70-303; Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

2. A police officer was duly sworn, and testified that after defendant's rights were explained to him he made a confession of having stolen certain articles in various burglaries. Defense counsel moved to strike this testimony because the guide-lines for confessions set forth in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) were not followed. There was no contention that the statement made to the police officer was involuntary or made under coercion.

See *Downs v. State,* 208 Ga. 619 (68 SE2d 568); *Sims v. State,* 221 Ga. 190 (5c) (144 SE2d 103). In *Sims,* supra, our Supreme Court (voting 8-1) held the Denno case was not applicable where there was no evidence whatsoever of coercion or involuntariness. There the situation was the same as in the case sub judice. But the United States Supreme Court in Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593), reversed, holding: "The trial judge need not make formal findings of fact or write an opinion, but it must clearly appear from the record that he made a primary finding of voluntariness before the confession was introduced into evidence before the jury." The voluntariness of the confession must clearly be determined independently of the jury's determination of defendant's guilt, in a separate hearing for such purpose. Unfortunately, the trial court failed to make such an independent determination here, and the confession should not have been admitted until the letter of the law, as declared by the U. S. Supreme Court, had been exactly complied with. We are, therefore, compelled to remand this case for another hearing as was done in the Denno case and the Sims case, for a separate determination as to the voluntariness of the confession.

The cases of *Strickland v. State,* 226 Ga. 750, 751 (3) (177 SE2d 238), and Pinto v. Pierce, 389 U. S. 31, 32 (88 SC 192, 19 LE2d 31), do not hold the requirement of a separate hearing of voluntariness is unnecessary. While the challenge here was not made until the jury heard the evidence, nevertheless, it *was* challenged.

3. We know of no law or authority requiring a confession or admission to be reduced to writing, and counsel has cited none. The complaint that the alleged confession should have been reduced to writing is not meritorious.

4. Following Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783) the General Assembly amended Code § 38-415 (Ga. L. 1962, pp. 133, 134) to allow a defendant

in a criminal case to be sworn. It is now a privilege and not a right to allow defense counsel to ask questions of a defendant in making an unsworn statement, since he may be sworn and submit himself to examination and cross examination. *Williams v. State,* 220 Ga. 776, 769 (141 SE2d 436); *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79). Here, the defendant elected to make an unsworn statement, and the court instructed him that if "his counsel elects to question you . . . in that event the State would be entitled to cross examine." Counsel did not seek to question him, and we do not have for decision whether or not the State could have cross examined him. Code § 38-415, even before the 1962 amendment, stated merely that on cross examination the prisoner in making an unsworn statement could not be compelled to testify "should he think proper to decline to answer." Whether sworn or unsworn, the defendant cannot be compelled to incriminate himself. Code Ann. § 38-416 (Ga. L. 1962, pp. 133, 135). We find no error in the instruction as made to the defendant after his election to make an unsworn statement.

5. Counsel has cited no law showing that the instruction to the jury to give the unsworn statement of the defendant "such weight and credit as you think it entitled" and that "you may believe [it] in the preference to the sworn testimony in this case," was erroneous. The charge was not calculated to mislead the jury, and we find no harmful error in this charge. See *Blocker v. State,* 225 Ga. 721 (2) (171 SE2d 309).

6. Since the adoption of the pre-sentencing hearings on felony cases (Code Ann. § 27-2534; Ga. L. 1970, pp. 949, 950; 1971, p. 902) the court did not err in allowing in evidence the exhibits containing certified copies of three previous convictions and sentences of felonies. This enumeration of error is not meritorious.

7. A police officer testified that in the alleged confession

of guilt, the defendant pointed out items which were stolen from McKie, Harrison and Ellis. The dwellings of these three persons were alleged in the indictments to have been burglarized; and they so testified under oath. The evidence here was sufficient to support the verdict and to corroborate the alleged confession wherein the defendant admitted stealing items belonging to those persons. The alleged confession was sufficiently corroborated where there was other testimony that the homes were burglarized, and defendant admits he stole the articles and removed same from the homes. The quantum of evidence necessary to corroborate a confession is entirely for the jury to decide, as it may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction. Code § 38-420; *Gilder v. State,* 219 Ga. 495, 497 (133 SE2d 861) and cases cited therein.

8. However, for the reason stated above in Division 2, this case is remanded to the lower court for a separate hearing as required by Denno and Sims, supra, to determine if the confession was freely and voluntarily made; otherwise the case is reversed.

*Judgment affirmed with direction. Hall, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 5, 1973— DECIDED FEBRUARY 13, 1973.

*Lanier, Powell, Cooper & Cooper, L. E. Maioriello,* for appellant.

*J. Bacheller Flythe,* for appellee.