S92A1492. CARVER v. THE STATE.
(425 SE2d 657)

HUNSTEIN, Justice.

The appellant was convicted of malice murder. He brings this appeal from the denial of his motion for new trial.[1]

---

[1] H. Curry and D. Clifford, A Legal Guide for Lesbian and Gay Couples 1:2 (1991).

[1] The crime occurred on December 13, 1990. The appellant was indicted on February 6, 1991. A jury found him guilty on December 10, 1991, and the appellant was sentenced to life imprisonment on that same day. Appellant's motion for new trial, filed January 10, 1992, was

1. The appellant contends that the trial court erred in denying his motion for a new trial inasmuch as the evidence did not support the verdict. It was established without dispute that on December 13, 1990, an argument ensued between the appellant and the victim (appellant's brother) which resulted in the shooting of the victim by the appellant. There was evidence that the victim did not leave his seat behind a bolted-down table during the argument. There was also testimony that following the shooting the appellant stated: "Now [the victim] knows who the baddest Carver is." The appellant's defense was that he fired in self-defense after the victim threatened to kill him. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that it was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the crime charged. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant complains of the trial court's failure to give a requested instruction because the court's charge failed to define forcible felony and did not adequately explain the "doctrine of reasonable beliefs." The trial court extensively charged on justification and self-defense. It is not necessary to give the exact language of a request to charge when the applicable principles are fairly covered by the charge as given. *Bruce v. State*, 259 Ga. 798 (3) (b) (387 SE2d 886) (1990). We conclude that the charge when taken as a whole was adequate, and we consequently find this enumeration to be without merit.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED FEBRUARY 8, 1993.

*William K. Blackstone*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.

denied on July 6, 1992. The appellant's notice of appeal was filed on July 14, 1992, and the appeal was docketed in this Court on September 1, 1992. The appeal was submitted for decision without oral argument on October 16, 1992.