## S97A0888. GRIFFIN v. THE STATE.
(486 SE2d 179)

FLETCHER, Presiding Justice.

Larry William Griffin, Jr., was convicted of the murder of Jerry Allen Tindle.[1] At trial Griffin claimed that he killed Tindle in self-defense. Because there was no error in the jury charge or verdict form, we affirm.

1. Griffin testified at trial that he and Tindle were walking along railroad tracks and drinking beer when Tindle swung at him with a quart beer bottle. Griffin ducked, hit Tindle three times with his fist, and grabbed him by the throat. Griffin continued choking Tindle until he quit struggling. That night Griffin told his girl friend that he kicked Tindle in the face as he lay on the tracks, although he later denied kicking Tindle. Griffin returned to the tracks on the next day to confirm that Tindle was dead, but did not call police. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Griffin guilty of murder.[2]

2. Griffin claims that the trial court's jury charge failed to enable the jury to consider involuntary manslaughter or Griffin's justification defense. The trial court properly charged the jury that it should consider whether the defendant was guilty of murder and voluntary manslaughter, as charged in the indictment, before considering

---

[1] The crime occurred on September 27, 1995, and Griffin was indicted on November 7, 1995. A jury found him guilty of murder and the trial court sentenced him to life imprisonment on December 6, 1995. Griffin filed a motion for a new trial on January 4, 1996, which was denied on February 25, 1997. He filed a notice of appeal on February 28, 1997. The case was docketed in the clerk's office on March 10, 1997, and submitted for decision on briefs on May 5, 1997.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

whether he was guilty of involuntary manslaughter. Relying on the pattern jury charge, the trial court also gave a proper charge on involuntary manslaughter, the affirmative defense of justification, and the form of the verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Sawyer & Sawyer, Horace K. Sawyer III,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.