S98A0221. CHRISTOPHER v. THE STATE.
(497 SE2d 803)

BENHAM, Chief Justice.

This appeal is from Ronald Ray Christopher's conviction for the murder of his stepson, Timothy Ledbetter.[1] Christopher, married to Ledbetter's mother, had an altercation with Ledbetter. When Ledbetter left the family's home after the altercation, Christopher armed himself with a pistol, said (according to the victim's mother) that he was going to kill Ledbetter, and opened the door to look for him. Finding Ledbetter outside the door, Christopher fired twice, the second shot fatally wounding Ledbetter in the head. At the scene, Christopher claimed self-defense and, after receiving warnings pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), commented to police officers that the military had trained him to shoot to kill. The murder weapon was found hidden under a mattress.

1. Christopher contends on appeal that the trial court erred in denying his motion for new trial because the verdict was against the weight of the evidence. On appeal, this Court considers not the weight of the evidence, but its sufficiency. *Burgeson v. State*, 267 Ga. 102 (10) (475 SE2d 580) (1996). The evidence at trial, summarized above, was sufficient to authorize a rational trier of fact to find Christopher guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cole v. State*,

---

[1] The crime was committed on September 5, 1996, and Christopher was arrested at the scene. He was indicted on October 24, 1996, for malice murder and felony murder, with aggravated assault as the underlying felony. A trial conducted on March 17-19, 1997, resulted in a conviction of malice murder. Christopher's motion for new trial, filed March 20, was heard on September 16 and was denied on October 1, 1997. Pursuant to a notice of appeal filed September 26, 1997, the record was transmitted to this Court where the case was docketed on October 28, 1997. The appeal was submitted for a decision on the briefs.

254 Ga. 286, 287 (329 SE2d 146) (1985).

2. After police officers took Christopher into custody, they placed him in the back of an ambulance for the purpose of testing his hands for gunshot residue. During the testing, prior to which a police officer had given Christopher *Miranda* warnings, Christopher asked whether Ledbetter was dead and, upon hearing that he was, stated that he had been well taught in Vietnam. When asked what he meant, Christopher said he had been taught to shoot to kill. He objected at trial to testimony regarding his statement, contending that it was the result of illegal custodial interrogation. The trial court found that the statement was volunteered and was not the result of custodial interrogation, and found further that the statement would have been admissible had it been the product of interrogation because Christopher had been advised of his right to remain silent.

"In the absence of evidence that the trial court's factual and credibility determinations were clearly erroneous, we uphold those determinations on appeal. [Cit.]" *Turner v. State*, 267 Ga. 149 (6) (476 SE2d 252) (1996). Our review of the record persuades us that the trial court's determination that Christopher's statement was voluntary is not clearly erroneous. The police officers involved testified that although there was an odor of alcohol in the ambulance while Christopher was being tested for gunshot residue, he did not appear to be intoxicated and spoke coherently. See *Miller v. State*, 263 Ga. 723 (3) (438 SE2d 81) (1994). The remark about being taught well was made without any prompting by the police officers and was plainly a voluntary statement. *Hallman v. State*, 263 Ga. 72 (1) (428 SE2d 344) (1993). Christopher's elaboration on his first remark, even if considered the result of interrogation because an officer asked what the first statement meant, must also be considered voluntary in light of the fact that the officer had explained to Christopher his *Miranda* rights just moments before the conversation occurred, in the same place. *Turner v. State*, supra.

3. Finally, Christopher contends that the trial court's refusal to give Christopher's requested charge on justification was error because the charge given did not specifically address a shooting. The charge given did, however, fully explain the concept of justification. "It is not necessary to give the exact language of a request to charge when the applicable principles are fairly covered by the charge as given. [Cit.] We conclude that the charge when taken as a whole was adequate, and we consequently find this enumeration to be without merit." *Carver v. State*, 262 Ga. 723 (2) (425 SE2d 657) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Neel & Smith, Barry S. Haney,* for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.