## A99A0711. DAVIS v. THE STATE.
(515 SE2d 646)

ELDRIDGE, Judge.

A Cobb County jury found Kenneth Leon Davis guilty of theft by receiving stolen property (motor vehicle). Without challenging the sufficiency of the evidence introduced against him, Davis appeals and raises four alleged errors of law. We affirm his conviction.

1. In his first two enumerations of error, Davis asserts that the trial court committed reversible error during statutory voir dire. Davis contends that (1) the trial court used the conjunctive rather than the disjunctive when asking the jury whether anyone had "formed *and* expressed an opinion in regard to the guilt or innocence of the accused"; and (2) the trial court asked the jurors if they had any "prejudice or bias for or against the accused" and whether their minds were "perfectly impartial between the State and the accused," thereby allegedly "negat[ing] the Defendant's presumption of innocence" due to the "burden-shifting" nature of the questions.

"If there was error in the voir dire, [Davis] waived it by failing to object at trial." *Primas v. State*, 231 Ga. App. 861, 862 (2) (501 SE2d 28) (1998). In addition, the questions about which Davis complains followed the requisite statutory form. OCGA § 15-12-164 (a) (1)-(3).

2. Next, Davis challenges a misstatement made during the trial court's "pre-evidentiary charge" to the jury:

> At times I may sustain or uphold objections or direct that you disregard certain testimony or exhibits. You *must* consider any evidence to which an objection has been made or to which I've instructed to you disregard. You must not consider anything you may have read or heard about the case outside the courtroom, whether before or during the trial.

(Emphasis supplied.)

At the conclusion of the charge, the trial court asked for objections. The defense specifically declined to object to the pre-evidentiary charge. "[Davis] made no contemporaneous objections and had no exceptions to the court's charge to the jury; accordingly, [he] waived the right to raise these issues on appeal. [Cit.]" *Smith v. State*, 268 Ga. 42, 43 (2) (485 SE2d 189) (1997).

3. Although the trial court charged the jury — repeatedly — regarding a defendant's presumption of innocence and the State's burden to prove guilt beyond a reasonable doubt, Davis claims as error another misstatement made by the trial court during its final charge to the jury: "The defendant is presumed to be innocent until proven *innocent*." (Emphasis supplied.) Davis, however, offers no argument or citation of authority in support of this claim of error,

and we deem it abandoned. Court of Appeals Rule 27 (c) (2).
*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 6, 1999.

*Jack J. Menendez*, for appellant.
*Patrick H. Head, District Attorney, Nancy I. Jordan, Debra H. Bernes, Assistant District Attorneys*, for appellee.