## A99A1622. ZEHNER v. THE STATE.
(525 SE2d 416)

JOHNSON, Chief Judge.

A jury found Rodney Zehner guilty of driving under the influence of alcohol. He appeals from the conviction entered on the verdict, contending that the trial judge erred in expressing to the jury his opinion about Zehner's guilt and in denying Zehner's motion in limine to exclude unlawfully obtained evidence. Zehner's failure to preserve these arguments below precludes our consideration of them on appeal. Therefore, we affirm.

1. During voir dire, the trial judge asked the jurors if they had, "from having seen these crimes committed or having heard any of the testimony delivered on oath," formed any opinion regarding the guilt or innocence of the accused. Defense counsel did not object or move for mistrial, but asked and was permitted to approach the bench. A bench conference was held off the record. The trial court then asked the jurors if they had any prejudice or bias for or against the defendant, to which they replied that they did not.

Zehner argues that, by including in its question the words "having seen these crimes committed," the trial court implied that crimes had been committed and that Zehner was guilty. This, he contends, was an expression of opinion in violation of OCGA § 17-8-57. That statute prohibits a judge in a criminal case from expressing his opinion as to what has or has not been proved or as to the guilt of the accused.

We note that the language of which Zehner complains was taken from former Ga. Code Ann. § 59-806 (1), which provided that a trial court may ask jurors during voir dire whether they have, "from having seen the crime committed, or having heard any of the testimony delivered on oath, formed and expressed any opinion" regarding the guilt or innocence of the defendant. See *Bloodworth v. State*, 119 Ga. App. 677, 678 (1) (168 SE2d 334) (1969). Our courts have specifically approved the use of this question during voir dire, holding that the "having seen the crime committed" language of the statute does not assume that a crime has been committed. See *Brown v. State*, 226 Ga. 114, 115 (2) (172 SE2d 666) (1970). The statute was later amended, and the words "from having seen the crime committed, or having heard any of the testimony delivered on oath" were replaced with "for any reason." See *Jordan v. State*, 247 Ga. 328, 339, n. 14 (276 SE2d 328) (1981); OCGA § 15-12-164.

We need not decide in this case whether the trial court committed reversible error by using the language from the former statute. This is because the issue of whether OCGA § 17-8-57 was violated is not reached unless an objection or motion for mistrial is made on that ground. *Davitt v. State*, 232 Ga. App. 427, 428 (2) (502 SE2d 300)

(1998); *Santone v. State*, 187 Ga. App. 789, 792 (4) (371 SE2d 428) (1998). Zehner has not shown on the record that he objected or moved for a mistrial on the ground asserted here. By failing to assert at trial that the trial court was making an impermissible expression or intimation of its opinion, Zehner waived the right to raise the issue on appeal. See *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Davis v. State*, 237 Ga. App. 508 (1) (515 SE2d 646) (1999).

2. Zehner contends that the trial court erred in denying his motion in limine concerning incriminating statements made to police and evidence obtained by police during his detention. Although he objected to the admission of this evidence prior to trial in a motion in limine, he has not shown where he elicited or obtained a ruling from the trial court on this motion. Nor has our review of the record revealed such a request or ruling. The failure to invoke a ruling on a motion in limine results in a waiver of the motion. *Brown v. State*, 193 Ga. App. 26, 27 (3) (386 SE2d 903) (1989); see *Smith v. State*, 221 Ga. App. 428 (2) (472 SE2d 4) (1996).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 17, 1999 —
RECONSIDERATION DENIED DECEMBER 8, 1999.

*Chestney Hawkins Law Firm, Michael M. Hawkins*, for appellant.

*Joseph J. Drolet, Solicitor, Marko L. Burgar, Assistant Solicitor*, for appellee.