PER CURIAM.
Defendant Courtney Clark appeals from a judgment of conviction and sentence for second degree murder. We affirm.
Defendant’s principal argument on appeal is that the trial court erred in denying his motion to suppress a statement made to the investigating detective while defendant was in custody, immediately after he had been given his Miranda warnings and had allegedly invoked his right to counsel.
The sequence of events is not in dispute. Following a drive-by shooting in which an innocent bystander was killed, defendant was taken into custody pursuant to an arrest warrant after being identified by witnesses as one of the shooters. At the Dade County Jail he was advised of his Miranda rights by Detective De La Tor-riente. Defendant refused to sign the Miranda form or initial any of the boxes that appear at the side of each specifically identified right. Defendant then, without any prompting, stated to the detective “I’m not going to talk to you now because what I say could put me in jail for a long time. I’ll testify against Mark, but I want to talk to a lawyer.” Detective De La Torriente went no further with the interview; he gave defendant his card and told defendant that defendant or his attorney should call if defendant decided to give a statement about the homicide.
It is the entire above-quoted statement that defendant’s counsel moved to suppress. However, the only portion of the statement that the State sought to admit against the defendant was the first sentence: “I’m not going to talk to you now because what I say could put me in jail for a long time.”
The transcript of the hearing on the motion to suppress indicates that the trial court gave the defense the option of admitting only that second part of the first sentence, or admitting the entire statement, consisting of the two full sentences. After again objecting to the admission of any part of the statement, the defense indicated that if the phrase “because what I say could put me in jail for a long time” was admitted, then the entire statement consisting of both full sentences should come into evidence to give full context to that admission. At trial, the entire statement was admitted pursuant to defense counsel’s choice.
We find no error in the trial court’s admission of defendant’s statement “because what I say could put me in jail for a long time.” Our research has disclosed no case on all fours, where the defendant in the same breath first invoked his right to remain silent and then volun *186 teered an incriminating statement. However, the law is clear that even after a suspect has invoked his right to remain silent,an inculpatory statement is admissible if it was voluntary and initiated by the defendant. See State v. Evans, 462 So.2d 596 (Fla. 5th DCA 1985). See also Christopher v. State, 269 Ga. 382, 497 S.E.2d 803 (1998) (holding that where a suspect was given Miranda warnings and then immediately spoke without police prompting, that statement was voluntary and therefore admissible); People v. Eveans, 277 Ill.App.3d 36, 214 Ill.Dec. 49, 660 N.E.2d 240 (1996) (holding that self-initiated statements volunteered after Miranda warnings had been given are admissible).
We find no merit in the remaining arguments on appeal, and affirm the conviction. We likewise affirm the aggravated departure sentence; the reason given was the statutory departure reason set forth in section 921.0016(3)(i), Florida Statutes (Supp.1996).
AFFIRMED.
JORGENSON and GODERICH JJ., concur.