A01A1343. ARMSTRONG v. THE STATE.
(552 SE2d 920)

MIKELL, Judge.

A jury found Kendrick V. Armstrong guilty of aggravated assault. He appeals, arguing that the trial court erred in refusing to

give his requested jury instruction on justification and transferred intent.[1] We disagree and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on the night of June 13, 1998, Armstrong was drinking at a club with four other men, all of whom belonged to the "Bloods" gang. After leaving the club, the men encountered another car with several members of the "Crips" gang in it in the parking lot of a fast food restaurant. Armstrong began to follow the second car, when gunfire erupted from it. At least one person in Armstrong's vehicle returned fire, striking Mark Johnson, an innocent bystander, in the neck. Armstrong and his passengers fled the scene and were later apprehended by police.

The evidence further shows that Armstrong and two of the passengers in the car he was driving had guns; that passenger Andre Ross' gun jammed and did not fire; and that Armstrong and passenger Carlos Jordan fired their weapons.

At trial, Armstrong requested that the court give the following jury instruction on transferred intent and justification: "I charge you that, if the defendant was justified in shooting at the intended victim, he does not have the requisite intent to commit an assault at all. The fact that an unintended victim was struck does not create the intent which was not there in the first place. *Smith v. State*, 204 Ga. App. 173, 174 (1) (419 SE2d 74) (1992)."

The court declined to give Armstrong's requested charge. Instead, it gave the pattern jury instruction on transferred intent promulgated by the Council of Superior Court Judges: "If one intentionally commits an unlawful act, yet the act harmed a victim other than the one intended, it is not a defense that the defendant did not intend to harm the actual person injured." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 2 (I) (2). The court further instructed the jury on the defense of justification using the following pattern charge:

> If you find that the defendant's conduct was justified, this is a defense to prosecution for any crime based on that conduct. A person is justified in threatening or using force against another person when, and to the extent that, he . . . reasonably believes that such threat or force is necessary to defend himself . . . or a third person against the other's imminent use of unlawful force. A person is justified in using force which is intended or likely to cause death or

---

[1] Armstrong's first appeal, Case No. A01A1115, was dismissed by this Court on February 9, 2001. The trial court granted Armstrong's motion to allow filing of an out-of-time appeal, and the present appeal was docketed on March 5, 2001.

great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to himself . . . or a third person or to prevent the commission of a forcible felony. The State has the burden of proof beyond a reasonable doubt that the defendant was not justified.

(Citations omitted.) Id. at Part 3 (AA) (1)-(2).

Armstrong assigns error to the court's refusal to give his requested charge; however, we find his argument meritless. It is well settled that "[i]t is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles. (Cits.)" (Punctuation omitted.) *Parker v. State*, 270 Ga. 256, 258 (3) (507 SE2d 744) (1998), citing *McGee v. State*, 172 Ga. App. 208 (1) (322 SE2d 500) (1984). After reviewing Armstrong's requested charge and the charge as given, we conclude that the pattern charge fairly covered the legal principles contained in the requested charge, and that it was an adequate expression of the law and was adjusted to the evidence. *Christopher v. State*, 269 Ga. 382, 383 (3) (497 SE2d 803) (1998); *Griffin v. State*, 268 Ga. 177, 178 (2) (486 SE2d 179) (1997). Accordingly, we find no error in the court's refusal to give Armstrong's charge as submitted.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JULY 27, 2001.

*William D. Phillips*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.