PER CURIAM.
Jerome Carlington Lindo appeals his conviction for attempted second degree murder with a deadly weapon. We affirm.
First, there was no error in overruling the peremptory challenge which defendant-appellant Lindo attempted to exercise, because the reason for the peremptory strike was not facially race-neutral. Melbourne v. State, 679 So.2d 759, 764 (Fla.1996).
Second, there was no contemporaneous objection to the testimony of the niece regarding her reasons for hiding the defendant’s tools. See Perez v. State, 717 So.2d 605, 606-07 (Fla. 3d DCA 1998). In view of the defendant’s conduct toward the victim and the nieces on the afternoon of the attack, it appears the testimony was admissible in any event, but if it was not admissible, the testimony was harmless in view of the other evidence in the case.
*174 Third, the spontaneous statement of the defendant to the agent of the Immigration and Naturalization Service was properly-admitted as it was voluntary and initiated by the defendant. Clark v. State, 780 So.2d 184, 186 (Fla. 3d DCA 2001).
Finally, the photographs of the victim’s body on the floor were properly admitted into evidence. Cole v. State, 701 So.2d 845, 854 (Fla.1997).
Affirmed.