S04A0829. PATEL v. THE STATE.
(603 SE2d 237)

THOMPSON, Justice.
Viral Patel was convicted of felony murder in connection with the shooting death of Tyree Garrett. He appeals, asserting, inter alia, the trial court erred by admitting into evidence a hearsay statement that his wife made to his brother at or near the time of the shooting.[1] Finding no error, we affirm.

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-10-31.

[4] *Jackson*, 443 U. S. at 319; *Mitchell v. State*, 274 Ga. 768, 770 (560 SE2d 8) (2000).

[1] The shooting occurred on February 16, 2000. Defendant was indicted nearly two years later and charged with malice murder, felony murder, and involuntary manslaughter. Trial was held from February 11-19, 2002. The jury found defendant guilty of felony murder, but not guilty of the other charges. The trial court sentenced defendant to life in prison and defendant filed a timely motion for new trial. The trial court denied the motion for new trial on October 27, 2003, and defendant appealed. The case was docketed in this Court on January 23, 2004, and orally argued on May 11, 2004.

Viewing the evidence in a light to uphold the verdict, we find the following: Defendant owned and operated a convenience store. He used an unattached building, which was previously used as a car wash, to store his inventory. Over the course of time, defendant noticed that thieves had broken into the storage building on a number of occasions to steal beer and other items.

On the night in question, one of defendant's employees reported that a lock on a door to the storage building had been broken. Defendant headed for the building. He asked Butch Felton, a regular customer, to accompany him so he could show Felton just how the thieves were breaking in. Defendant and Felton went inside the building and defendant's employee closed the door behind them. It was very dark inside and difficult to see. Soon, Felton heard voices and the sounds of someone breaking into the building.[2] Defendant took out a pistol and yelled for the intruder to "halt." A few minutes went by; it was quiet. Then defendant shot the pistol three times. A bullet pierced a plywood covering which had been nailed to the outside of the building and entered Tyree Garrett's brain. Garrett fell to the ground — outside of the storage building.

Initially, Patel denied knowing anything about Garrett's death. However, he ultimately acknowledged that he killed Garrett, telling police that he opened fire when an intruder, who threw a can of soda at him, started to leave the storage building through a window.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of felony murder while in the commission of an aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see OCGA § 16-3-24 (b). See also *Brooks v. State*, 227 Ga. 339, 341-342 (180 SE2d 721) (1971).

2. Defendant's brother testified that, before the shooting, defendant's wife telephoned him and said defendant was "pissed off" because "they" had been stealing beer and sodas. The parties stipulated that defendant's brother told a detective that, in that same telephone conversation, defendant's wife asked the brother to tell defendant not to enter the storage building.

Defendant asserts the trial court erred in allowing the brother to testify as to what defendant's wife told him. More specifically, defendant contends the trial court erred in admitting the wife's statement under the res gestae exception to the hearsay rule.

"[A] trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant

---

[2] It is unclear whether the victim was alone or was accompanied by an accomplice who entered the storage building while the victim waited outside.

being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). It cannot be said that the trial court clearly erred in admitting the testimony in question.

Viewed in context, it is clear that the statement of defendant's wife was made as defendant prepared himself to enter the storage building.[3] Thus, it was part of the res gestae, OCGA § 24-3-3, and it precludes the idea of deliberation or fabrication. See *Park v. State*, 230 Ga. App. 274, 279 (495 SE2d 886) (1998) (statements made by defendant's wife to victim and victim's parents less than eight hours after incident were properly admitted under res gestae doctrine). The statement sprang naturally and spontaneously from the strain of the circumstances which preceded the shooting, to wit: defendant's armed attempt to put a stop to the burglaries. Those circumstances, together with the shooting, constituted one continuous transaction for res gestae purposes. See *Callahan v. State*, 229 Ga. 737, 740 (194 SE2d 431) (1972) (victim's voice transmission made shortly before he was shot to death was admissible as part of the res gestae).

The mere fact that the statement reflected a subjective opinion of defendant's state of mind, as opposed to an objective, observable fact, is of no consequence. As long as it is part of the res gestae, a statement of opinion is admissible. *Bentley v. State*, 131 Ga. App. 425, 429 (205 SE2d 904) (1974).

3. Because the evidence suggested that two individuals were in the process of burglarizing the storage building, defendant asserts the trial court erred in failing to charge the jury on "transferred justification." See *Crawford v. State*, 267 Ga. 543, 544 (480 SE2d 573) (1997). This assertion is without merit for two reasons. First, defendant did not open fire until the intruder started to escape from the building. Thus, any assault upon defendant, and any justification, was over when defendant started shooting. Id. Second, the trial court adequately covered the principle of "transferred justification" when it charged the jury on the twin principles of "transferred intent" and "justification." *Armstrong v. State*, 250 Ga. App. 784 (552 SE2d 920) (2001).

4. Defendant contends the trial court's instructions on aggravated assault and justification were confusing and erroneous. The charge was complicated by the fact that the law of aggravated assault was injected into the case in two ways, to wit: as the underlying felony in the felony murder count of the indictment; and as the source of defendant's justification defense. Recognizing that its charge was

---

[3] The precise time of the wife's telephone call was unknown; but it is apparent that the call was made shortly before the shooting.

complex and that it may have engendered some confusion, the trial court ultimately recharged the jury as follows:

> In connection with the definitions of aggravated assault, I'm going to recharge you on that. And I'm instructing you now to disregard any prior definitions of aggravated assault that I may have given you. And to use in lieu thereof the charge that I'm going to give you now. And that I'm going to send a copy of which out to you.

> Still we have got to make a distinction. I'm sending you out basically the entire Code section on aggravated assault. But we have to make a distinction between the aggravated assault which is alleged in the indictment which alleges that the aggravated assault was committed with a deadly weapon, and . . . that must be proved. And the definition of aggravated assault in conjunction with the justification part of the case.

> So what I'm going to do just for purposes, I hope of showing you exactly what I mean is I'm going to read the entire charge. But I'm also going to point out which law would apply to which aspect of the case. The State's allegation that there was a felony murder, and that the felony was aggravated assault. And that the particular aggravated assault was an aggravated assault with a deadly weapon.

> And then I will charge you on the other general section of aggravated assault or the whole section that you could apply if you felt like it did apply based on the other instructions of the court and other instructions to the facts of the case through the justification aspects of the case.

> Okay, A, an assault is an attempt to commit a violent injury to the person of another; or, B, an act which places another person in reasonable apprehension of immediately receiving a violent injury.

> For the purpose of the State's burden in this case and the indictment that charges the felony murder and the aggravated assault being the felony that was allegedly committed in conjunction therewith, the portion of the charge or the definition that would be the one that you must consider [in] that connection would be the person committed the offense of aggravated assault when that person assaulted another person with a deadly weapon, period.

> In other words, in order for you to find that there was a felony committed of aggravated assault in conjunction [with] a

felony murder charge, you would have to find beyond a reasonable doubt that the defendant did commit the offense of aggravated assault or an aggravated assault[ ] as I have defined it for you with a deadly weapon.

Okay. As far as the justification . . . aspect of the case is concerned, the charge is as follows: an assault is an attempt to commit a violent injury [on] a person; or B, an act which places another person in reasonable apprehension of immediately receiving a violent injury. A person commits the offense of aggravated assault when that person assaults another person with intent to murder or rob; B, with a deadly weapon; or with any object, device or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury.

An object if and when used in making an assault upon another person is not a deadly weapon per se, but may or may not be a deadly weapon, depending upon the manner in which it is used and the circumstances of the case.

However, aggravated assault is also defined as an assault with any object which when used offensively against a person likely to actually cause result in serious bodily injury.

Viewing the charge in its entirety, we find that it presented the issues in a way that was not likely to confuse a jury of average intelligence. See generally *Lumpkin v. State*, 249 Ga. 834 (295 SE2d 86) (1982); *Blocker v. State*, 225 Ga. 721 (171 SE2d 309) (1969). We find no error.

5. Relying upon *Talton v. State*, 254 Ga. App. 111 (561 SE2d 139) (2002), defendant asserts the charge on aggravated assault was not tailored to fit the indictment. In this regard, defendant argues that, much like *Talton*, the charge permitted the jury to convict if it found that defendant placed the intruder in reasonable fear of receiving a violent injury, even though the indictment specified that defendant committed an aggravated assault "by shooting" the victim with a gun. This assertion is without merit. Defendant was not charged with aggravated assault; he was charged with felony murder predicated upon an aggravated assault. It follows that, unlike *Talton*, the jury could not convict defendant by simply showing that he pointed a pistol at the victim; of necessity, it had to find that defendant shot the victim. Thus, there is no possibility that the jury convicted defendant of committing a crime in a manner not charged in the indictment.

6. Defendant also contends the trial court's charge was improper because, by charging on the use of force in defense of property other

than habitation, see OCGA § 16-3-24 (b),[4] the trial court limited the jury's consideration of the justification defense to the situation in which an attack was directed at the person of defendant. In this regard, defendant posits that the trial court should have instructed the jury that a burglary is a "forcible felony" which defendant was justified to repel with deadly force. We disagree. A "forcible felony" is "any felony which involves the use or threat of physical force or violence against any person." OCGA § 16-1-3 (6). Thus, a burglary is not ipso facto a forcible felony.

7. The trial court did not err by asking potential jurors: "Is your mind perfectly impartial between the State and the accused?" OCGA § 15-12-164 (a) (3); *Davis v. State*, 237 Ga. App. 508 (1) (515 SE2d 646) (1999).

8. Defendant asserts the trial court erred in limiting direct examination of a defense expert who gave testimony with regard to the racial and ethnic composition of the grand and traverse jury pools. However, defendant fails to present argument or citation of authority to support this assertion. Accordingly, it is abandoned under Rule 22, Rules of the Supreme Court. *Williams v. State*, 256 Ga. 609, 611 (351 SE2d 454) (1987).

9. Defendant's appellate counsel asserts that trial counsel rendered ineffective assistance. Because trial counsel filed the motion for new trial and the notice of appeal, and because appellate counsel did not even make an appearance in this case until it was to be orally argued, appellate counsel raises this issue at the first practicable moment. *Strong v. State*, 263 Ga. 587 (6) (436 SE2d 213) (1993). Accordingly, we remand this case to the trial court for a hearing to determine whether trial counsel rendered ineffective assistance. Id.; *Emilio v. State*, 257 Ga. App. 49 (4) (570 SE2d 372) (2002).

*Judgment affirmed and case remanded with direction. All the Justices concur.*

FLETCHER, Chief Justice, concurring.

I concur in the judgment, and with all of the majority opinion except Division 4. I write separately to emphasize that, because appellate counsel raised his ineffective assistance of trial counsel claim at the earliest practicable moment, he should be allowed to explore both the specific enumerations of ineffectiveness raised in his brief and any additional enumerations (such as trial counsel's failure

---

[4] OCGA § 16-3-24 (b) provides:
The use of force which is intended or likely to cause death or great bodily harm to prevent trespass on or other tortious or criminal interference with real property other than a habitation or personal property is not justified unless the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony.

to raise the defense of habitation)[5] at the ineffective assistance hearing.

I am authorized to state that Justice Hunstein joins in this concurrence.

DECIDED SEPTEMBER 27, 2004.

*Smith, White, Sharma & Halpern, Laurence H. Margolis*, for appellant.

*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.